IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEVEN A. GILKEY,

                        Petitioner,

        v.                                    CASE NO. 07-3110-SAC

KANSAS PAROLE BOARD, et al.,

                        Respondents.


O R D E R

Petitioner, a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas proceeds pro se and in forma pauperis in this federal habeas corpus action in which he challenges the legality of the decision by the Kansas Parole Board (KPB) on March 27, 2006, to deny petitioner parole and to pass petitioner for three years for further parole consideration. Petitioner claims the KPB denied parole because petitioner has a history of substance abuse, and because petitioner has a disability which requires a back operation. Petitioner contends this violated his rights under the United States Constitution and the American with Disabilities Act (ADA), 28 U.S.C. § 12101 et seq.

Having carefully reviewed the record which includes respondents' supplemented answer and return, and petitioner's traverse thereto, the court denies the petition.

Petitioner sought habeas corpus relief in the state courts under K.S.A. 60-1501, on grounds that the KPB's notice of action dated March 27, 2006, denied him due process and equal protection,

and violated the ADA.  The state district court summarily dismissed the petition as stating no claim for relief.  The Kansas appellate courts affirmed that decision, finding the KPB did not act arbitrarily or capriciously, and finding no merit to petitioner's constitutional and ADA claims. Gilkey v. Kansas Parole Board, 147 P.3d 1096, 2006 WL 3775292 (Kan.App. December 22, 2006)(unpublished opinion), *rev. denied* (March 28, 2007).  Petitioner raises the same or similar grounds in the habeas petition now before this court.

Petitioner's present challenge to the execution of his state sentence is considered under 28 U.S.C. § 2241.  *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. § 2241).  That statute authorizes the United States district courts to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the  United States."  28 U.S.C. § 2241(c)(3).  A habeas applicant bears the burden of showing entitlement to relief by a preponderance of the evidence.  Metes v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996).  The court finds petitioner has not done so in this case.

It is well established that a prisoner has no constitutional right protected by the Due Process clause to be released on parole. *See* Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979)(no constitutional right to conditional release prior to expiration of a valid sentence).  Although a state may create a liberty interest by using mandatory language in a

statute which restricts the parole authority's discretion or creates a presumption of release, *see* id. at 11-12, Kansas has not done so. *See* Gilmore v. Kan. Parole Bd., 243 Kan. 173, 180(Kansas parole statute empowers board to exercise its discretion in granting parole), *cert. denied*, 488 U.S. 930 (1988).  In Kansas, parole "is a matter of grace...[and] is granted as a privilege and not as a matter of fundamental right."  Id.

Also, no violation of petitioner's federal rights results if a state parole board considers a prisoner's disabilities in making an individualized assessment of the prisoner's suitability for release on parole.  *See* Thompson v. Davis, 295 F.3d 890, 898 n. 4 (9th Cir. 2002)(ADA does not bar a state parole board from considering a prisoner's disability in making an individualized assessment of the prisoner's future danger), *cert. denied*, 538 U.S. 921 (2003).  The reasons stated by the KPB in its March 2006 notice of action do not reflect any categorical denial of parole based on petitioner's disabilities.[1]

Nor is the alleged violation of petitioner's rights under the ADA a proper basis for habeas corpus relief.  Although Title II of the ADA applies to state entities including state prisons and parole

---

[1]The KPB action notice dated March 27, 2006, reads:  "Pass to April 2009.  Pass reasons:  serious nature/circumstances of crime; history of criminal activities; ten (10) times in prisons; failure on parole; disciplinary reports.  Extended pass reason:  Inmate has been sentenced for a crime other than a class A or B felony or an off grid felony and board makes a special finding that a subsequent parole hearing should be deferred for 3 years, because it is not reasonable to expect that parole would be granted at a hearing if held before then, for the reasons indicated below:  inmate has not cooperated on a long term plan to resolve his physical needs and to resolve his substance abuse."

boards,[2] <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206 (1998), a habeas petition functions primarily to secure the immediate release of an individual from illegal physical custody, <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484 (1973).  Petitioner may not use a habeas forum to bypass the restrictions imposed by the Prison Litigation Reform Act on a prisoner seeking relief in federal court for alleged violations of the ADA.

The court thus finds petitioner has not demonstrated any factual or legal basis for obtaining relief under 28 U.S.C. § 2241 regarding the KPB's March 2006 decision, and concludes the petition should be denied.[3]

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied, and that dismissal of the petition is without prejudice as to petitioner's allegations under the Americans with Disabilities Act.

IT IS FURTHER ORDERED that petitioner's motion for summary judgment (Doc. 17) on new and separate allegations challenging the

---

[2]Title II of the ADA prohibits discrimination by public entities against individuals with disabilities, in that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12131.

[3]Petitioner's recently filed motion for summary judgment is denied without prejudice.  In this pro se pleading, petitioner appears to be seeking federal habeas relief on allegations that the state district court judge unlawfully issued a nunc pro tunc sentencing order on April 24, 2008, to correct the journal entry of judgment in petitioner's state criminal action (Sedgwick County Case No. 98-CR-645) to designate that petitioner's sentence in that action was to run consecutive to the sentence imposed in petitioner's prior criminal case.  Petitioner identifies no persuasive reason for expanding the present action to include these new and distinct allegations.

5

validity of the sentence imposed by the state district court is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 8th day of July 2008 at Topeka, Kansas.

         s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge